IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **No. 20-266** |
| | : | |
| **DAVID WYCHE** | : | |
| | : | |
| Kenney, J. | : | |

## MEMORANDA

Defendant David Wyche brings this Motion for Reconsideration of Pretrial Detention (ECF No. 13), seeking release from custody due to concerns over the COVD-19 pandemic. The Government opposes Defendant's Motion. ECF No. 17 at 2. For the following reasons, the Court will deny Defendant's Motion for Reconsideration of Pretrial Detention.[1]

## I.   BACKGROUND

---

[1] Mr. Wyche styles his request as a "Motion for Reconsideration of Pretrial Detention" asking this Court to reconsider Judge Sitarski's September 8, 2020 order in light of his risk of contracting COVID-19. If a person is ordered detained by a magistrate judge, the person may file a motion for revocation or amendment with the district court. *See* 18 U.S.C. § 3145(b). But because Mr. Wyche waited three months after Judge Sitarski ordered his detention to file his motion, and because the threat of COVID-19 was just as salient in September 2020 as it was in December 2020, this opinion will evaluate Mr. Wyche's request under the 18 U.S.C. § 3142(i) framework.  That provision allows Courts to reconsider detention decisions "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." That being said, this Court's conclusions would be the same under either analysis.

On August 26, 2020 a grand jury indicted and charged Mr. Wyche with the following offenses: possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1), 924(e). ECF No. 1. The government argues that on May 7, 2020, three Philadelphia Police officers on bike patrol saw a 2006 Honda Accord parked illegally at 3000 N. 15th Street in North Philadelphia. ECF No. 17 at 2. As they approached the Honda, the officers allegedly smelled marijuana. ECF No. 17 at 2. Mr. Wyche, who was in the driver's seat, allegedly admitted to having a small amount of marijuana in the Honda. ECF No. 17 at 2–3. During a search of the vehicle, the police uncovered a black Taurus G2C 9mm pistol with an obliterated serial number, one live round in the chamber, and ten live rounds in the magazine. ECF No. 17 at 3. Officers also recovered six plastic jars of cocaine, a glass bottle containing PCP, three bags of marijuana, drug packaging materials, and $6,020 in cash from the Honda. *Id*. Following a search of Mr. Wyche's person, officers recovered two orange bottles containing 79 total oxycodone pills and $628 cash. *Id*. Prior to being arrested, Mr. Wyche allegedly admitted that the firearm belonged to him. *Id*.

On August 26, 2020, following the grand jury indictment, United States Magistrate Judge Timothy R. Rice issued a bench warrant for Mr. Wyche's arrest.

*See* ECF No. 3 at 1. Mr. Wyche pleaded not guilty at his September 4, 2020 arraignment. ECF No. 17 at 3. Given the nature of Mr. Wyche's charges, he is subject to a rebuttable presumption under 18 U.S.C. §§ 3142(e)(3)(A) and 3142(e)(3)(B) that there are no conditions or combination of conditions that could assure the safety of the community and Defendant's appearance at trial.[2] Accordingly, on September 8, 2020, United States Magistrate Judge Lynne A. Sitarski ordered Mr. Wyche detained pending trial. ECF No. 17 at 1–2.[3]

## II.   DISCUSSION

Mr. Wyche filed the instant Motion for Reconsideration of Pretrial Detention on December 7, 2020. *See* ECF No. 13. 18 U.S.C. § 3142(i) provides that "a judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." "[F]or a

---

[2] 18 U.S.C. § 3142 states in part that a charged person is subject to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . [or] an offense under section 924(c), 956(a), or 2332b of this title."

[3] In its Motion for Pretrial Detention, the Government noted that Mr. Wyche is "a career criminal with four prior felony drug convictions (1999, 2006, 2009, and 2013) and two prior firearm offenses (1999 and 2009)." ECF No. 7 at 1. It also noted that, if convicted, Mr. Wyche faces "[a] mandatory minimum 20 years' incarceration, and a maximum of life imprisonment, at least six years of supervised release, a fine not to exceed $2,500,000, and a $300 special assessment." ECF No. 7 at 4.

movant to satisfy his burden of proof under Section 3142(i), he must make an 'individualized and specific showing of a compelling reason[.]' There is no 'one-size-fits-all, blanket approach' to resolving this issue." *United States v. Carter*, CR 18-561-1, 2020 WL 3412571, at *5 (E.D. Pa. June 22, 2020) (internal citations omitted). Any relief under 18 U.S.C. § 3142(i) requires a consideration of the Bail Reform Act as a whole. *Id.*

The Bail Reform Act creates a comprehensive set of statutory guidelines governing release and detention decisions for criminal cases in federal court. Under § 3142, pretrial detention may be ordered only in limited circumstances, including where a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).

    A.    *Defendant's Motion for Reconsideration of Pretrial Detention*

In his Motion, Mr. Wyche argues that he should be granted pretrial release "given [his] medical history and the current [COVID-19] pandemic." ECF No. 13 at 2.[4] Mr. Wyche argues that he is at a "higher risk than others of suffering severe

---

[4] Mr. Wyche also argues that mandated COVID-19 restrictions preventing his lawyers from entering the Federal Detention Center "prevent any meaningful case preparation and abridge the right to counsel." ECF No. 13 at 3. Courts have rejected similar arguments. *See, e.g.*, *United States. v. Dawara*, CR 19-414-1, 2020 WL 2404898, at *8 (E.D. Pa. May 12, 2020) (finding that defendant's "inability to meet with his attorney in person does not unreasonably burden [defendant's] access to counsel" because those restrictions are reasonable to prevent spread of COVID-19 in our institutions). Similarly, this Court is not compelled to conclude that there is a Sixth Amendment issue here.

consequences" from a COVID-19 infection due to underlying health conditions. *Id.* at 3. Those underlying conditions include "hypertension, prior unhealed injuries and anxiety issues, for which he receives medications." *Id.* The "unhealed injury" in question appears to be a gunshot wound sustained in February 2020. ECF No. 14 at 4.

Mr. Wyche further argues that he is a good candidate for release because he poses no risk of flight or danger to the community. To support this assertion, Mr. Wyche notes that he is a lifelong resident of Philadelphia, which is also where his sister and her family reside. ECF No. 13 at 4. He has also demonstrated intentions to cooperate with the justice system by testifying as the sole witness at a recent Preliminary Hearing for a homicide prosecution involving the shooting death of his pregnant fiancée. *Id.* at 4. If released, Mr. Wyche intends to reside in a home owned by his sister, Davida Wyche, and would agree to "special conditions including home confinement with electronic monitoring." *Id.* at 2.

  B. <u>The Government's Response in Opposition</u>

On December 15, 2020 the Government filed its Response to Defendant's Motion for Bail. *See* ECF No. 17. The government argues that Mr. Wyche's release is not warranted for two reasons. First, Mr. Wyche remains a danger to the community and a flight risk. Second, because there is no medical reason to release him. *Id.* at 6-7.

To support its first point, the Government notes that Mr. Wyche has an "extensive criminal record of drug and firearm offenses" and lacks a history of legitimate employment. ECF No. 17 at 6. Further, Mr. Wyche was actively involved in the drug-dealing business only months after being seriously injured in a shooting incident and after serving multiple periods of state confinement. *Id.* at 6-7. In the Government's view, "[t]he applicable presumptions of detention codified at 18 U.S.C. § 3142(e)(3)(A) and (B) exist[] precisely for serious crimes like this, and for serious career criminals like David Wyche." *Id.* at 6. The Government questions Mr. Wyche's ties to the community because Mr. Wyche does not appear to be the caregiver of his children and he has never been gainfully employed. ECF No. 17 at 7. The Government fears that, if released, Mr. Wyche "has every incentive to flee" given the severe sentence he would face if convicted (a minimum of 20 years). *Id.*

Regarding Mr. Wyche's medical condition, the Government argues that "[t]here is nothing in the defendant's medical record to suggest that his incarceration at the FDC poses any significant health risk, 'dire' or otherwise." ECF No. 17 at 7. The Government claims that Mr. Wyche's medical records "make clear that he has recently recovered from an asymptomatic COVID-19 infection and, on December 2, 2020, was released from a two-week quarantine." *Id*. The Government also notes that Mr. Wyche's hypertension and pain from a

gunshot wound "appear well-controlled with medication and otherwise unremarkable." *Id.* at 7–8. Further, Mr. Wyche "does not suffer from any medical condition recognized by the CDC as presenting an increased risk of severe illness from a COVID-19 infection." *Id.* at 9. Though the CDC lists hypertension as a condition that "might" put a person at increased risk,[5] the Government cites to several cases in the analogous compassionate release context that have denied relief "when hypertension is the only putative risk factor presented." *Id.*

C.  *Analysis*

The Court will deny Defendant's Motion because he has not demonstrated a compelling reason for his release under 18 U.S.C. § 3142(i) and because he has not rebutted the presumption that no condition or combination of conditions exist to ensure Defendant's appearance in court and the safety of the community. "If a person is detained, Section 3142(i) provides a 'limited safety valve provision,' enabling courts to re-examine detention decisions 'to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.' But in the COVID-19

---

[5] The CDC has identified "hypertension or high blood pressure" as one of several medical conditions that "might" place an individual "an increased risk for severe illness from COVID-19." *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 13, 2021).

environment, this re-examination does not take place in isolation. Rather, courts also have considered the following factors:

> (1) the specificity of the defendant's stated COVID-19 concerns, (2) the original grounds for the defendant's pretrial detention, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others."

*Carter*, 2020 WL 3412571, at *6 (internal citations omitted). "The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a 'compelling reason' exists such that temporary release is 'necessary.'" *Id.* (internal citations omitted).

First, Mr. Wyche's COVID-19 concerns are not sufficient to constitute a compelling reason for pretrial release. Mr. Wyche claims that his medical conditions (hypertension, a recent gunshot wound, and anxiety) make him "more susceptible than most" to negative complications of COVID-19. ECF No. 13 at 4. This assertion is contrary to scientific consensus.

The CDC recognizes hypertension as one of several conditions which "might" put a person at increased risk for serious complications from COVID-19. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 13, 2021). Physical wounds (like the

gunshot wound Mr. Wyche sustained in February 2020) and anxiety are not known risk factors. Courts have held that hypertension alone is not grounds for granting pretrial release even given the risk such a condition may impose when combined with a COVID-19 infection. *See, e.g., United States v. Bolger*, CR 20-308-1, 2020 WL 7260769 (E.D. Pa. Dec. 9, 2020) (finding that defendant's high blood pressure, along with other health issues, and "non-speculative risk" of infection were not "sufficiently compelling" reasons for release because his conditions were well-monitored); *see also United States v. Ackerman*, CR 11-740, 2020 WL 5017618 (E.D. Pa. Aug. 25, 2020) ("Where, as here, there is no indication that the defendant's hypertension cannot be properly controlled via medication or other appropriate medical care, courts routinely hold that compassionate release is not warranted.") (collecting cases), *United States v. Daniels*, CR 15-127, 2020 WL 2674125 (E.D. Pa. Aug. 12, 2020) (finding hypertension and related medical conditions insufficient for compassionate release in the COVID-19 environment), *United States v. Nesbitt*, No. 09-181, 2020 WL 3412577 (E.D. Pa. June 22, 2020) (same).

   Mr. Wyche has not argued (nor does the record suggest) that his hypertension is uncontrolled or that the Federal Detention Center is incapable of managing either his hypertension or his gunshot wounds. Given that Mr. Wyche's medical conditions appear well-controlled in his current situation, this Court

cannot find that his health concerns constitute a compelling reason for pretrial release.[6] As the Third Circuit has stated in the analogous compassionate release context, "[t]he mere existence of COVID-19 in a society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Second, the original grounds for Mr. Wyche's pretrial detention continue to support his detention today. Even during the ongoing COVID-19 pandemic, the Bail Reform Act provides a presumption that Mr. Wyche is a danger to his community and a flight risk. *See* 18 U.S.C. § 3142(e)(3). This rebuttable presumption applies wherever the court finds there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act punishable by ten or more years of imprisonment (18 U.S.C. § 3142(e)(3)(A)) or certain firearms offenses (18 U.S.C. § 3142(e)(3)(B)). An indictment charging a defendant with such an offense is "sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness." *United States v. Sterling*, 459 F. Supp. 3d 673, 677 (E.D. Pa. 2020) (quoting *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986)).

---

[6] While the medical records demonstrate that Mr. Wyche was in quarantine for exposure to COVID-19, nothing in the record shows that Mr. Wyche has tested positive for the virus. *See* ECF No. 14 at 1-3. Accordingly, the Court will not consider any risk of reinfection in its analysis.

The indictment charges Mr. Wyche with possession with intent to distribute a controlled substance, an offense that carries a maximum 30 years' imprisonment. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). The indictment also charges Mr. Wyche with possession of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. §924(c)(1). As either charge would be sufficient to trigger 18 U.S.C. § 3142, the indictment here provides probable cause which triggers the rebuttable presumption of dangerousness and risk of flight and supports Mr. Wyche's pretrial detention.

With the rebuttable presumption triggered, the burden then shifts to Mr. Wyche to "produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *Sterling*, 459 F. Supp. 3d at 678 (citing *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986)). In determining whether a defendant has rebutted the presumption for pretrial detention, a court must "take into account the available information concerning" the nature and circumstances of the offenses; the weight of the evidence against the defendant; the defendant's history and characteristics; and the nature and seriousness of the danger that would be posed by the person's release. *Id.*(citing 18 U.S.C. § 3142(g)).

Mr. Wyche's proffered evidence does not rebut the presumption that he is dangerous and presents a risk of flight, and the relevant § 3142(g) factors weigh in favor of pretrial detention.

The government's charges against Mr. Wyche are for serious drug and firearm related offenses. *See* ECF No. 17 at 6. If convicted, he faces a mandatory minimum twenty-year federal prison sentence. *Id.* As for the strength of the Government's evidence against Mr. Wyche, the Government contends that three Philadelphia Police officers recovered a pistol with an obliterated serial number, several rounds of ammunition, six plastic jars of cocaine, a glass bottle containing PCP, three bags of marijuana, drug packaging materials, and $6,020 in cash from Mr. Wyche's vehicle as well as two orange bottles containing 79 total oxycodone pills and $628 cash from his person. ECF No. 17 at 3. During his encounter with police, Mr. Wyche allegedly admitted that the marijuana and firearm belonged to him. *Id.* Though the Government will need to present its findings at trial and subject to the appropriate Federal Rules of Evidence, and Mr. Wyche has filed a motion to suppress this evidence, the listed evidence is sufficient to link Mr. Wyche to the use of guns and the sale of drugs.

Turning to Mr. Wyche's history and characteristics and his potential danger to the community upon release, Mr. Wyche has at least four prior felony drug convictions and two prior firearm offenses. *See* ECF No. 7 at 4. Mr. Wyche received his most recent charges just months after he himself was injured in a shooting incident. *See* ECF No. 17 at 6. This incident occurred so recently that, by Mr. Wyche's own account, "some of [his] recent gunshot wounds are still open."

ECF No. 13 at 4. As the Government notes, Mr. Wyche lacks a history of legitimate employment and related ties to the community. *See* ECF No. 17 at 6; *see also Suppa*, 799 F.2d at 120 (finding the lack of evidence of steady employment significant to the determination of whether the presumption has been rebutted). Given the gravity of his potential sentence, and his demonstrated inability to earn a living outside of the drug trade, Mr. Wyche presents a danger to the community as well as a flight risk. The fact that Mr. Wyche and his sister are lifelong Philadelphia residents and that he would submit to home confinement at her house is not enough to convince this Court that he is likely to appear at his trial or that he will not reenter the drug trade upon release. *See* ECF No. 13 at 4; *see also United States v. Martinez*, No. 9-1556 (E.D. Pa. 2010) (finding house arrest with electronic monitoring insufficient to rebut the presumption of dangerousness or possibility of flight) (collecting cases). Further, although this court commends Mr. Wyche's participation as a witness in the trial relating to his fiancée's tragic murder, his recent Preliminary Hearing testimony has little bearing on his dangerousness or future flight risk. *See* ECF No. 13 at 4.

The Third Circuit has explained that "testimony by co-workers, neighbors, family physician[s], friends, or other associates concerning the arrestee's character, health, or family situation" might be adequate to rebut the presumption. *Suppa,* 799 F.2d at 120 (internal citations omitted). Mr. Wyche has proffered no such

reassurances, and, in light of the above, this Court concludes that Mr. Wyche has not rebutted the statutory presumption.

Finally, neither party presented significant evidence regarding the extent to which Mr. Wyche's proposed release plan is tailored to mitigate COVID-19 risks to the defendant and the likelihood that the defendant's proposed release would increase COVID-19 risks to others. Mr. Wyche does not argue that he would receive better treatment for his hypertension, gunshot wound, or anxiety elsewhere. He also does not explain how release to his sister's residence would mitigate his risk of contracting COVID-19. Nor does the Government claim that releasing Mr. Wyche to house arrest would contribute to COVID-19 spread.[7] Therefore, the third and fourth factors have a neutral effect on this analysis.

When balancing these factors together as a whole, Mr. Wyche has not provided this Court with a compelling reason for release. Though this Court is sympathetic to Mr. Wyche's concerns about possible COVID-19 infection, his health conditions are not severe enough to warrant an exception to pretrial detention. According to the parties' briefs and the medical records, Mr. Wyche's hypertension and gunshot wound appear well-controlled in his current setting, and

---

[7] The likelihood that Mr. Wyche's proposed release would increase the risk of COVID-19 transmission is "too speculative to be considered." *See United States v. Gongda Xue*, No. 18-122, 2020 WL 2307339, at *10, n. 10 (E.D Pa. May 8, 2020) (noting that the likelihood that defendant's proposed release would increase COVID-19 risk to others is neutral in the Section 3142(i) analysis).

Mr. Wyche does not argue otherwise. *See* ECF No. 17 at 7; *see also* ECF No. 14. When balanced against the seriousness of Mr. Wyche's charges and his prior criminal history, these health concerns fail to defeat the statutory presumption that no combination of conditions will reasonably assure his appearance in court or the safety of the community.

### III.  CONCLUSION

For the foregoing reasons, Defendant David Wyche's Motion for Reconsideration of Pretrial Detention is DENIED. An appropriate order will follow.